IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RANDALL HUGHES,<br><br>Defendant. | 4:18-CR-3004<br><br>ORDER |

The defendant has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which permits a defendant (after exhausting administrative remedies) to move for reduction of a term of imprisonment based upon "extraordinary and compelling reasons." Filing 98. On its initial review of the defendant's motion, the Court finds that the defendant has at least a colorable claim under § 3582(c)(1)(A), and that appointment of counsel would help the Court determine whether the defendant merits relief under that section. Accordingly,

IT IS ORDERED:

1. The Federal Public Defender for the District of Nebraska is appointed to represent the defendant for the limited purpose of determining whether there are extraordinary and compelling reasons to reduce the defendant's term of imprisonment.

2. In the event the Federal Public Defender should decline this appointment because of a conflict of interest or on the basis

of the Amended Criminal Justice Act Plan, the Federal Public Defender shall provide the Court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Amended Criminal Justice Act Plan for this district.

3. The Federal Public Defender shall promptly file any supplementary briefing or evidence necessary to the Court's disposition of the motion. If upon his review the Federal Public Defender should conclude that the defendant's motion is frivolous, the Federal Public Defender may move to withdraw as counsel.

4. The Office of U.S. Probation and Pretrial Services is authorized to disclose Presentence Investigation Reports and materials obtained from the Bureau of Prisons to the Federal Public Defender and the United States Attorney for the purpose of evaluating the defendant's motion. The Federal Public Defender shall provide the Presentence Investigation Report to any subsequently appointed or retained counsel. In accordance with the policy of the Federal Bureau of Prisons, no Presentence Investigation Report shall be provided to inmates.

5. The Office of U.S. Probation and Pretrial Services shall promptly conduct a compassionate release investigation, prioritizing the collection of medical records relevant to the defendant's claim.

6. The Office of U.S. Probation and Pretrial Services shall, as soon as the defendant's medical records are obtained, file those records as sealed documents in this case, and provide copies to counsel for the parties. The compassionate release investigation report shall, when complete, be filed as a restricted document in this case, and be provided to counsel for the parties.

7. The government shall respond to the defendant's motion for compassionate release within 28 days after the filing of the compassionate release investigation report. The defendant may file a reply brief within 14 days after the government's response is filed, at which time the matter is submitted.

8. The Clerk of the Court shall set a case management deadline for December 20, 2026 with the following docket text: Check compassionate release investigation report.

9. The Clerk of the Court shall provide a copy of this order to Supervising U.S. Probation Officer Annalee Thomas.

Dated this 16th day of November, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge